UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ARIES EVANS,

              Plaintiff,

v.

TENNISWOOD, et al.,

              Defendants.

_____/

Case No. 2:24-cv-10908
District Judge Matthew F. Leitman
Magistrate Judge Anthony P. Patti

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION TO DISMISS THIS MATTER PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 41(B) AND LOCAL RULE 41.2 AND TO DENY AS MOOT DEFENDANTS' MOTION TO DISMISS (ECF NO. 24)**

**I.     RECOMMENDATION**: The Court should **DISMISS** this matter pursuant to Fed. R. Civ. P. 41(b) and Eastern District of Michigan Local Rule 41.2.

**II.     REPORT:**

**A.     Background**

Plaintiff Aries Evans, proceeding *in pro per*, initiated this case on April 9, 2024 against Defendants Brian Tenniswood and Sgt. Amanda Peeks, alleging violations of his constitutional rights while housed at the Gus Harrison Correction Facility in Marquette, Michigan.  (ECF No. 1.)  The case was referred to me on December 3, 2024 "for all pretrial proceedings, including a hearing and determination of all non−dispositive matters pursuant to 28 U.S.C. § 636(b)(1)(A)

and/or a report and recommendation on all dispositive matters pursuant to 28 U.S.C. § 636(b)(1)(B)." (ECF No. 15, PageID.56.) On February 10, 2025, the Court issued a Scheduling Order setting filing deadlines of August 29, 2025 for discovery completion, June 27, 2025 for witness lists, and December 5, 2025 for dispositive motions. (ECF No. 21.) Defendants immediately filed a motion to take Plaintiff's deposition, which the Court granted, allowing Defendants "to take the deposition of Aries Evans #680622 by video conference, in person, or by telephone, pursuant to Fed. R. Civ. P. 30(a)(2) within the time limits set for discovery." (ECF No. 23.)

On June 5, 2025, Defendants filed a motion to dismiss, in which they seek dismissal for failure to prosecute. (ECF No. 24.) Defendants argue that Plaintiff refused to meaningfully participate in his deposition and did not respond to any questions posed by Defendants. Defendants argue that dismissal is appropriate as a discovery sanction under Federal Rule of Civil Procedure 37 and, additionally, under Federal Rule of Civil Procedure 41(b) for failure to prosecute.

The Court ordered Plaintiff to respond to the motion by July 7, 2025. Plaintiff did not respond.

On June 18, 2025, Defendants timely filed their witness list, but to date Plaintiff has not filed a witness list. Indeed, Plaintiff has not filed anything in this case since December 3, 2024. (ECF No. 16.)

It has now been almost seven months since the deadline to file a response to Defendants' motion to dismiss, and no response has been filed. Defendants' motion

is therefore unopposed. *See* E.D. Mich. LR 7.1(c)(1) ("A respondent opposing a motion must file a response, including a brief and supporting documents then available.").

Eastern District of Michigan Local Rule 41.2 provides that "when it appears that . . . the parties have taken no action for a reasonable time, the Court may, on its own motion after reasonable notice or on application of a party, enter an order dismissing or remanding the case unless good cause is shown."  E.D. Mich. LR 41.2.  Here, in light of Plaintiff's apparent failure to participate in his deposition, failure to meet the deadline to oppose the dispositive motion, failure to file a witness list, and failure to provide any explanation or documentation for any possible extensions, it appears that Plaintiff may have abandoned the instant lawsuit.  I therefore issued an order to show cause why the case should not be dismissed for lack of prosecution.  (ECF No. 27.)

## B.    Discussion

In my order to show cause, Plaintiff was directed to respond by February 17, 2026 as to why the case should not be dismissed for failure to prosecute.  (ECF No. 27.)  It is now a week past that deadline, and Plaintiff has not filed any response.

Plaintiff having failed to respond to the Court's order to show cause, the Court should dismiss this matter for Plaintiff's failure to prosecute.  As the Sixth Circuit has explained:

3

In the context of dismissal pursuant to Rule 41(b) for failure to prosecute, we look to four factors for guidance: (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Knoll v. Am. Tel. & Tel. Co.*, 176 F.3d 359, 363 (6th Cir. 1999) (*citing Stough v. Mayville Community Sch.*, 138 F.3d 612, 615 (6th Cir. 1998)).  Applying these factors to the case at bar, the Court should find that dismissal is warranted.

1. It seems that Plaintiff's failure to file a response to Defendants' motion to dismiss or to the order to show cause is the result of willfulness, bad faith or fault.  If Plaintiff is not receiving the Court's orders mailed to his address of record, it is upon him to keep the Court apprised of any change in address, as he was warned at the outset of this case (see ECF No. 5). See also E.D. Mich. LR 11.2 ("Failure to Provide Notification of Change of Address").  In any event, none of the Court's orders have been returned as undeliverable.

2. Taking into consideration that the Court has imposed two deadlines on Plaintiff which he has failed to meet (ECF Nos. 25, 27), in addition to failure to file a witness list, and apparent failure to meaningfully participate in his deposition, Defendants are prejudiced by having to spend any further time and money – i.e., beyond that associated with the pending dispositive motions – on a case that Plaintiff appears to have abandoned.

3. The Court's show cause order warned Plaintiff that failure to comply with the order "**shall** result in a Report and Recommendation that the Court dismiss this action pursuant to Federal Rule of Civil Procedure 41(b) and E.D. Mich. LR 41.2.". (ECF No. 27, PageID.133 (emphasis in original).)

4. As for whether less drastic sanctions were imposed or considered, it appears that any such effort would be fruitless, given that Plaintiff seems to have abandoned this case and is not responding to Court orders.

4

Each of the factors weighs against Plaintiff; therefore, the Court should **DISMISS** this matter pursuant to Fed. R. Civ. P. 41(b) and E.D. Mich. LR 42.1. Defendants' pending motion (ECF No. 24) should be **DENIED AS MOOT.**

### III.    PROCEDURE ON OBJECTIONS

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 144 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 508 (6th Cir. 1991).  Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers, Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," and "Objection No. 2," etc.  Any objection must recite precisely the provision of this Report and Recommendation to which it pertains.  Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity.  Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d).  The response must specifically address each issue raised in the objections,

5

in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc.  If the Court determines that any objections are without merit, it may rule without awaiting the response.

Dated:  February 23, 2026

Anthony P. Patti
UNITED STATES MAGISTRATE JUDGE